**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY GREENWOOD; GINA GREENWOOD, | Nos. 18-15898 18-16607 |
| Plaintiffs-Appellants, | D.C. No. 3:16-cv-00527-RCJ-VPC |
| v. | |
| OCWEN LOAN SERVICING, LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted December 3, 2019[**]
San Francisco, California

Before: LUCERO,[***] CALLAHAN, and BADE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

After listing ownership of certain real property as an asset in their Chapter 7 bankruptcy filing, and unsuccessfully challenging the bankruptcy court's approval of a settlement that relinquished their interest in that property, Jerry and Gina Greenwood filed a quiet title/declaratory action in the district court. The district court granted summary judgment for the defendants ("Appellees"), holders of a promissory note and a deed of trust on the property. The district court also granted the Appellees attorneys' fees. The Greenwoods appeal from the summary judgment order and the award of attorneys' fees. We affirm the district court's orders.[1]

**1.** The Greenwoods have not shown that they can state a cognizable claim for "botched securitization" following the Nevada Supreme Court's opinion in *Wood v. Germann*, 331 P.3d 859 (Nev. 2014). The Greenwoods' complaint states that their claim is based on alleged irregularities in the assignments of the promissory note and the deed of trust. However, two years before they filed their complaint, the Nevada Supreme Court held in *Wood* that "[b]ecause the homeowner is neither a party to nor an intended beneficiary of the [Pooling and Service Agreement], the homeowner lacks standing to contest the assignment's

---

[1] The facts are familiar to the parties and are restated here only as necessary to resolve the issues on appeal.

validity." *Id*. at 862. The Greenwoods essentially admitted that they cannot assert a claim for "botched securitization" and offered to amend their complaint. But they did not amend their complaint and do not suggest how they could get around *Wood*. The district court did not err in holding that the Greenwoods could not state a claim based on alleged irregularities in the assignments of the promissory note and deed of trust.

   **2.** The Greenwoods have not shown that the district court erred in concluding that their complaint did not state a claim under *Edelstein v. Bank of New York Mellon*, 286 P.3d 249 (Nev. 2012). The Greenwoods argue that, following *Edelstein*, they can assert a claim based on the allegation that the promissory note and the deed of trust are not held by a single entity. But *Edelstein* held that the separation of deed of trust and the promissory note for a property "is not irreparable or fatal to either the promissory note or the deed of trust, but it does prevent enforcement of the deed of trust through foreclosure unless the two documents are ultimately held by the same party." *Id*. at 260. The Greenwoods have not shown that they can state a cause of action under *Edelstein*, particularly as, following *Wood*, they lack standing to challenge the assignments of the deed of trust and promissory note.

Moreover, the district court reasonably considered the Greenwoods'

*Edelstein* argument to be an entirely new argument that was not included in the

complaint. We have held that where a "complaint does not include the necessary

factual allegations to state a claim, raising such claim in a summary judgment

motion is insufficient to present the claim to the district court." *Navajo Nation v.*

*U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (en banc).

**3.** The Greenwoods have not shown that the district court erred in

concluding that their claim was barred by their prior bankruptcy proceeding.

Principles of issue preclusion and judicial estoppel weigh against the Greenwoods.

*See Reyn's Pasta Bella LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006).

The bankruptcy proceeding considered the Greenwoods' rights to the property, and

the bankruptcy court's final judgment approved a settlement of those claims. Also,

it appears that accepting the Greenwoods' new arguments would be inconsistent

with their position before the bankruptcy court and unfair to the Appellees.

**4.** The district court did not abuse its discretion in denying the

Greenwoods' motion for a continuance pursuant to Federal Rule of Civil Procedure

56(d). The Greenwoods were required to identify the specific facts that further

discovery would reveal that were essential to their opposition to summary

judgment. *See Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th

Cir. 2006). Here, the Greenwoods sought to take depositions of certain bank officials concerning the assignments of the promissory note and deed of trust, but after *Wood*, 331 P.3d 859, the Greenwoods lacked standing to challenge those assignments. Accordingly, they were not prejudiced by the lack of a continuance.

**5.** The Greenwoods have not shown that the district court abused its discretion in awarding attorneys' fees. *See Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007). The Greenwoods filed their complaint after it had been rejected in the bankruptcy proceeding and two years after the Nevada Supreme Court had rejected the state law theory that was the basis for the complaint. A report by an expert retained by the Greenwoods does not excuse their attempt to re-litigate their claims to the property. The award of attorneys' fees was well within the district court's discretion and the Greenwoods have not challenged the amount of the fees.

The district court's grant of summary judgment and award of attorneys' fees are **AFFIRMED**.